**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 15, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00247-CV

### IN RE LAWRENCE EDWARD THOMPSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-10948**

---

### MEMORANDUM OPINION

On March 26, 2014, relator Lawrence Edward Thompson filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Alfred Bennett, presiding judge of the 61st District Court of Harris County, to rule on his motion to reinstate.

According to relator, he mailed his petition, affidavit of inability, and related documents in the underlying case to the Harris County District Clerk on January

29, 2013, and such pleading and documents were filed on February 22, 2013, without his receiving notice. Relator states, after writing to the Administrator of the District Courts, he received information on June 26, 2013, about the cause number of his case and the court in which his case was pending. Relator received a notice of intent to dismiss for want of prosecution on October 26, 2013, because an answer had not been filed. Relator states he filed a motion for default judgment on November 11, 2013. However, on December 23, 2013, relator received the order of dismissal for want of prosecution. Relator states he mailed a motion to reinstate on December 26, 2013, and a letter to the trial judge on February 28, 2014, asking him to rule on his motion to reinstate. Relator complains that the trial court still has not ruled on his motion to reinstate even though the motion has been pending on the court's docket for 80 days.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). In order to be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

After dismissal of a case for want of prosecution under Texas Rule of Civil Procedure 165a, the plaintiff may file a motion to reinstate the case within thirty

2

days of the date the trial court signed the dismissal order. Tex. R. Civ. P. 165a(3). If the motion to reinstate is not decided by a signed written order within seventy-five days after the dismissal order was signed, the motion to reinstate is deemed overruled by operation of law. *Id.* The trial court retains plenary power to reinstate the case until thirty days after the motion to reinstate is overruled by signed written order or operation of law, whichever occurs first. *Id.*

Relator did not include a copy of the dismissal order with his petition. However, the website of the Harris County District Clerk reflects that the trial court dismissed the underlying case on November 25, 2013. Relator states that he received the dismissal order on December 23, 2013, which was twenty-eight days after the trial court dismissed the case.

Rule 306a(4) provides that if, within twenty days after the judgment or appealable order is signed, a party adversely affected by it or his attorney has neither received notice from the clerk nor acquired actual notice of the order, then with respect to that party, all periods mentioned in Rule 306a(1) shall begin on the date such party or his attorney received notice or acquired actual notice of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment was signed. Tex. R. Civ P. 306a(4). To establish the application of 306a(4), the party is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first received notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. Tex. R. Civ. P. 306a(5).

Assuming notice of the dismissal order within twenty days after the trial court signed it and a timely verified motion to reinstate, the trial court had plenary power over the case for 105 days after the signing of the order, or until March 10, 2014. Relator does not complain that he did not receive notice of the dismissal order more than twenty days after it was signed; nor does he state that he filed a sworn motion under Rule 306a(5) in an attempt to establish the date he received notice of the dismissal order. *See* Tex. R. Civ. P. 306a(4), (5). Therefore, relator did nothing to extend the trial court's plenary power to take action on his motion to reinstate.

In the absence of plenary power, the trial court had no legal duty to rule on relator's motion to reinstate. *See Layton*, 257 S.W.3d at 795 (providing that court must have legal duty to rule on motion for relator to be entitled to mandamus relief); *Molina*, 94 S.W.3d at 886 (same).

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.