**Petition for Writ of Mandamus Dismissed, in Part, and Denied, in Part, and Memorandum Opinion filed July 15, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00516-CR

### IN RE ANTHONY G. DANIELS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**2nd 25th District Court**
**Colorado County, Texas**
**Trial Court Cause No. CR09-057**

### MEMORANDUM OPINION

On July 1, 2014, relator Anthony G. Daniels filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable William C. Kirkendall, presiding judge of the 2nd 25th District Court of Colorado County; the Honorable Harvey Vorsand, Colorado County District Clerk; Jay E. Johannes, Colorado County Attorney; and the Custodian of Records of the

2nd 25th District Court, to perform their ministerial duty under the Texas Public Information Act[1] to provide him the record, for which he says he is willing pay, of his underlying conviction for sexual assault so that he can prepare his Article 11.07 application for writ of habeas corpus.

This Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. The district clerk, the county attorney, and the custodian of records are not district court or county court judges in this Court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this Court's appellate jurisdiction. Therefore, we do not have jurisdiction to issue writs of mandamus against the district clerk, the county attorney, or the custodian of records.

As to Judge Kirkendall, relator states that he wrote Judge Kirkendall on January 16, 2014, asking that he order his staff or the district clerk to provide relator documents in the file related to his underlying conviction.[2] Relator explains that his mother went to the district clerk's office in February 2014, with a copy of his letter to Judge Kirkendall, and she was instructed to go to the 2nd 25th District

---

[1] *See* Tex. Gov't Code Ann. §§ 552.001−.353 (West 2012 & Supp. 2013).

[2] Relator requested (1) the indictment; (2) the arrest warrant; (3) affidavits in support of the arrest warrant; (4) all motions and requests filed by defense counsel; (5) all orders issued by the trial court; (6) all documents signed by relator agreeing to accept the plea; (7) the presentence investigation report; (8) clerk's record, and (9) the reporter's record.

Court. However, the staff of the 2nd 25th District Court told relator's mother to return to the district clerk's office.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). In order to be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

Relator did not file a motion requesting that the trial court order its staff or the district clerk to provide relator with the requested documents. To the extent relator's letter to Judge Kirkendall could be construed as a motion, such motion was not filed and was not properly pending before the trial court. *See Blakeney*, 254 S.W.3d at 661 (stating trial court has duty to rule on properly filed motions).

Moreover, relator's mandamus petition demonstrates that his letter was only presented to the staff of the 2nd 25th District Court, not to Judge Kirkendall. *See In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (stating that the relator must show that the trial court received, was aware of, and asked to rule on the motion; the clerk's knowledge is not imputed to the trial court). A trial court is not required to consider a motion not called to its

attention.  *Layton*, 257 S.W.3d at 795.  Relator has not shown that he is entitled to a writ of mandamus against Judge Kirkendall.

Accordingly, we dismiss relator's petition, in part, for lack of jurisdiction, and deny the remainder.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).