

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00239-CV

IN RE JOE LEE BOMAR, RELATOR

ORIGINAL PROCEEDING

July 15, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

By this original proceeding, relator Joe Lee Bomar, an inmate proceeding *pro se* and *in forma pauperis*, requests that we direct the Honorable John B. Board, presiding judge of the 181st District Court of Randall County, to rule on relator's Motion to Rescind Order to Withdraw Funds. We will deny relator's petition.

In December 2010, relator plead guilty to the offense of attempted indecency with a child and was placed on deferred adjudication community supervision for a period of eight years. In May 2012, the trial court adjudicated relator guilty, revoked relator's community supervision and sentenced him to imprisonment for ten years. On August 27, 2012, the trial court signed an Order to Withdraw Funds pursuant to Texas

Government Code § 501.014(e). *See* TEX. GOV'T CODE ANN. § 501.014(e) (West 2010). On December 12, 2013, relator filed a Motion to Rescind Order to Withdraw Funds, arguing that because the judgment did not include the amount of the court costs, but stated only "See Bill of Costs," he was not notified of the costs[1] and accordingly was denied due process. The motion remains pending.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). To be entitled to relief by mandamus, the relator must show the trial court clearly abused its discretion, and that the relator has no adequate remedy by appeal. *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 840-44 (Tex. 1992) (orig. proceeding).

As pertains to the failure or refusal of a trial court to hear and rule on a pending motion, to establish an abuse of discretion, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). The movant must show that the matter was brought to the attention of the trial court and the trial court failed or refused to rule within a reasonable time period. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *see also Barnes v. State,* 832 S.W.2d 424, 426-27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Merely filing the matter with the district clerk

---

[1] A district clerk is required to keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE CRIM. PROC. ANN. art. 103.009(a)(1) (West 2006). A statement of an item of costs in a fee record is prima facie evidence of the correctness of the statement. TEX. CODE CRIM. PROC. ANN. art. 103.009(c). Because legislatively mandated court fees and costs are not punitive in nature, they need not be included in the oral pronouncement of sentence or in the written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009); *Williams v. State,* 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied).

is not sufficient to impute knowledge of the pending pleading to the trial court. *In re Heflin,* 04-03-00302-CV, 2003 Tex. App. LEXIS 3924 (Tex. App.—San Antonio, May 7, 2003, orig. proceeding).

While relator included in his letter to the clerk a request that the clerk bring the motion to the attention of the trial court, the mandamus record reflects no further action taken to ensure the trial court was aware of relator's motion. Relator's request of the clerk is insufficient to satisfy his burden to demonstrate he made on the trial court a "demand for performance." *In re Layton,* 257 S.W.3d at 795, *citing In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Because relator has failed to demonstrate an abuse of discretion by the trial court, his petition for writ of mandamus must be, and is, denied.

James T. Campbell
Justice

3