# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00565-CV

**In re Jason Dale Whitlock**

## ORIGINAL PROCEEDING FROM TOM GREEN COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Jason Dale Whitlock, an inmate appearing pro se, has filed a petition for writ of mandamus. In the petition, Whitlock asks this Court to order the 391st District Court of Tom Green County to rule on Whitlock's "motion to compel for speedy chapter 59 hearing."[1]

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion when there is no adequate remedy by appeal.[2] When a motion is properly filed and pending before the trial court, the act of considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act.[3] However, the relator has the burden to provide the reviewing court with a record sufficient to establish his right to mandamus relief.[4] To

---

[1] This is apparently a reference to Chapter 59 of the Texas Code of Criminal Procedure, relating to the forfeiture of contraband. *See* Tex. Code Crim. Proc. art. 59.01 et seq. In the motion, Whitlock is demanding a hearing in response to what he characterizes as "the State's attempt to illegally take and keep his money in the amount of $1,965.00."

[2] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

[3] *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

[4] *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* Tex. R. App. P. 52.7(a)(1).

obtain mandamus relief compelling a trial court to rule on a properly filed motion, a relator must provide a record demonstrating that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused or failed to rule on the motion within a reasonable time.[5]  Whitlock has failed to provide such a record here.[6]  Accordingly, the petition for writ of mandamus is denied.[7]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Filed:   October 28, 2014

---

[5]  *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

[6]  *See Blakeney*, 254 S.W.3d at 662; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Chavez*, 62 S.W.3d at 228.

[7]  *See* Tex. R. App. P. 52.8(a).  Whitlock has also filed a motion for leave to file his petition for writ of mandamus.  No such leave is required.  We dismiss that motion as moot.