**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 13, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00851-CV

---

## IN RE BORIS TWAIN CLEWIS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-42761**

---

## MEMORANDUM OPINION

On October 22, 2014, relator Boris Twain Clewis filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable R.K. Sandill, presiding judge of the 127th District Court of Harris County, to rule on relator's plea in abatement.

In his petition, relator states that he is a beneficiary of the Estate of Redell Clewis, Sr., which has been pending in Probate Court No. 3 of Harris County, Texas, since 1999. A number of taxing authorities filed suit to collect delinquent ad valorem taxes against relator on July 29, 2013, in the 127th District Court. Relator claims that he filed a plea in abatement and a motion requesting a hearing on his plea in abatement in the 127th District Court on July 23, 2014, because Probate Court No. 3 acquired dominant jurisdiction in 1999. Relator further states that he filed another motion objecting to the trial court's refusal to rule on his plea in abatement.

To be entitled to mandamus relief, the relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

It is relator's burden to provide this court with a sufficient record to establish his right to mandamus relief. *See Walker v Packer*, 827 S.W.2d 833, 837 (Tex.

2

1992) (orig. proceeding). Relator has not included a copy of the plea in abatement, motion for a hearing, or motion objecting to the trial court's refusal to rule on his plea—file-stamped or otherwise—with his petition. *See* Tex. R. App.P. 52.3(k)(1). Without a file-stamped copy of this plea in abatement and his motions, relator has not shown that such documents are pending in the trial court. *See Blakeney*, 254 S.W.3d at 661−62. Therefore, relator has not shown that the trial court had a duty to rule on his plea in abatement or his motions.

Relator further asserts that the trial court has no discretion to deny his plea to the jurisdiction. While we have jurisdiction to direct the trial court to make a decision, we may not tell the trial court how to rule on his plea in abatement. *See In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding).

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny his petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.