NO. 07-08-0105-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2008
_____

IN RE DAVID MATTHEW LAYTON
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, David Matthew Layton, has filed a Petition for Writ of Mandamus seeking an order from this court directing the Honorable Hal Miner to "hold a hearing on said Motion on Interlocutory appeals (sic) in cause number 94,288-A . . . ." The motion, which was filed with the district clerk on June 11, 2007, requests the trial court to issue an order authorizing the written deposition of Warren Clark, Layton's criminal trial counsel, to investigate a potential claim of legal malpractice relating to that representation. Layton contends that he is entitled to relief because Judge Miner "is abusing his discretion by sitting on" Layton's motion. We deny the petition.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig.

proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993, orig. proceeding). However, the trial court is afforded a reasonable time in which to perform this ministerial duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Whether the trial court has failed to act within a reasonable time is dependent upon the circumstances of the case. Id. To establish entitlement to mandamus relief, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, relator made demand for performance, and the court refused to perform. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). However, a court is not required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied).

Reviewing the documents Layton attached to his petition, nothing establishes that the motion was brought to the attention of the trial court. At best, the documents attached to Layton's petition show that his motion was filed with the district clerk on June 11, 2007. Filing a motion with the district clerk does not establish that the motion was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding). Because Layton's petition fails to demonstrate that his motion has been actually brought to the trial court's attention or presented for a ruling, we must deny Layton's petition for writ of mandamus. See In re Posey, No. 07-03-0518-CV, 2004 Tex.App. LEXIS 695, at *2-*3 (Tex.App.–Amarillo 2004, orig. proceeding).

Layton's petition for writ of mandamus is denied.


                                    Mackey K. Hancock
                                         Justice