

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00123-CV

## IN RE LARRY CLAUDE BRUMBALOW

_____

## Original Proceeding

_____

## OPINION

_____

Larry Claude Brumbalow, a Texas inmate proceeding *pro se*, seeks a writ of mandamus against Respondent, the Honorable James E. Morgan, Judge of the 220th Judicial District Court of Hamilton County, on grounds that he will not rule on Brumbalow's motion asking Respondent to entertain his divorce suit. According to Brumbalow, he filed a petition for divorce on October 20, 2008, but the petition has not been served. On January 25, 2009, Brumbalow filed a "Motion Requesting Judge to Entertain Divorce Proceeding." He has not received a ruling on this motion.[1] We deny the relief requested.

_____

[1] This information is derived largely from that contained in Brumbalow's pleadings. We note, however, that Brumbalow's mandamus application is defective because it does not include: (1) the certification required by Rule of Appellate Procedure 52.3(j); (2) proof of service required by Rule of

We will grant mandamus relief if there has been an abuse of discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Martinez Ramirez,* 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See Chavez,* 62 S.W.3d at 228.

Brumbalow has not shown with a record that he has brought his motion to the attention of the respondent trial judge. *See In re Comeaux*, No. 10-07-00235-CV, 2007 Tex. App. LEXIS 9518, at *3-4 (Tex. App.—Waco Dec. 5, 2007, orig. proceeding); *see also In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Thus, we cannot say that Respondent has abused his discretion. *Cf. In re Nabelek,* No. 10-06-00241-CV, 2007 Tex. App. LEXIS 926 (Tex. App.—Waco Feb. 7, 2007, orig. proceeding) (mem. op. on reh'g). The mandamus application is denied.

---

Appellate Procedure 9.5; or (3) the required record pursuant to Rules of Appellate Procedure 52.3 and 52.7. *See* TEX. R. APP. P. 9.5; *see also* TEX. R. APP. P. 52.3(k)(1)(A); TEX. R. APP. P. 52.7. Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies because Brumbalow cannot prevail on the merits of his claim based on the information provided. TEX. R. APP. P. 2.

FELIPE REYNA
Justice

Before Chief Justice Gray
        Justice Reyna, and
        Justice Davis
Writ denied
Opinion delivered and filed May 13, 2009
[OT06]