In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00202-CV

_____


IN RE THOMAS CHARLES BORUCH


**Original Proceeding**


**MEMORANDUM OPINION**

Thomas Charles Boruch, an inmate, filed a mandamus petition seeking to compel the trial court to allow him to participate in a hearing. His petition neither describes the actions that Relator contends the trial court took without conducting a hearing, nor contains a mandamus record that contains all of the documents that are material to his claim for relief. We notified Relator that the form and contents of his petition must comply with the requirements of the Texas Rules of Appellate Procedure and provided thirty days to amend the petition. We also notified Relator that he must certify that he served a copy of the petition upon the real party in

1

interest. Relator received an extension of time to amend his petition, but failed to file an amended petition.

An appellate court must deny mandamus relief if the petition fails to comply with the requirements of Rule 52.3 in such a manner that the appellate court is precluded from conducting a meaningful review of the trial court's order. *See In re Layton*, No. 07-07-0490-CV, 2007 WL 4531939, at *1 (Tex. App.—Amarillo Dec. 19, 2007, orig. proceeding). Where the complaint concerns the trial court's failure to act, the mandamus record must show the motion has been actually brought to the trial court's attention or presented for a ruling. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

After having been provided with an opportunity to file a proper mandamus petition, Relator has not demonstrated his entitlement to mandamus relief. Accordingly, we deny the petition for writ of mandamus without prejudice.

PETITION DENIED.

PER CURIAM

Opinion Delivered June 27, 2013

Before Gaultney, Kreger, and Horton, JJ.