# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00519-CV

**In re Trent Alvon Smith**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Trent Alvon Smith, an inmate, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221. In the petition, Smith asks this Court to compel the presiding judge of the 126th Judicial District Court of Travis County to rule on five motions, which he contends were properly filed with the District Clerk.[1] We will deny the petition.

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). When a motion is properly filed and pending before the trial court, the act of considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). However, a trial court is not required to consider a motion not called to its attention. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Thus, to obtain mandamus

---

[1] According to Smith, the respondent has failed to rule on five properly filed motions— "plaintiff's objection to the defendant the 114th District Court's plea to the jurisdiction"; "motion of objection to the defendant the 114th District Court's motion to transfer venue"; and three separate motions for entry of default judgment.

relief compelling a trial court to rule on a properly filed motion, a relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused or failed to rule on the motion within a reasonable time. *Id*. at 795. Whether a reasonable time for ruling has lapsed is dependent on the circumstances of each case. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding)

Moreover, the relator has the burden to provide the reviewing court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* Tex. R. App. P. 52.7(a)(1) (requiring that relator file certified or sworn copy of every document material to claim for relief). Here, Smith complains that the trial court has refused to rule on his pending motions, and he has attached copies of the motions to his petition. However, Smith has not provided this Court with file-stamped copies of his motions or any other documents showing that the motions are actually pending. As a result, Smith has failed to demonstrate that his motions were properly filed or, if properly filed, the date they were received by either the clerk's office or the judge.

Because Smith has failed to demonstrate his right to relief, the petition for writ of mandamus is denied without prejudice.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Filed: September 12, 2013

2