**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 1, 2014.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-14-00162-CV**

---

**IN RE WOODROW RAYMOND NOVAK, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1999-30293**

---

## MEMORANDUM OPINION

On February 24, 2014, relator Woodrow Raymond Novak filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable R.K. Sandill, presiding judge of the 127th District Court of Harris County, to set relator's application for post-judgment enforcement for a hearing, arrange for relator's teleconference appearance, and consider and rule on relator's application for enforcement.

Relator sued Amos Pitts for an unpaid loan. On January 15, 2003, the trial court signed an order granting summary judgment in favor of relator in the amount of $600, plus interest and costs. On June 19, 2008, the Harris County District Clerk prepared and filed an abstract of the judgment. On June 30, 2008, Yolanda Torres, an attorney representing relator, wrote the Texas Department of Criminal Justice ("TDCJ"), requesting that the amount of the judgment be withdrawn from Pitts's inmate trust fund account and deposited into relator's inmate trust fund account or delivered payable to relator at Torres's business address. Relator's attempt to collect the unpaid judgment from Pitts was unsuccessful.

On September 9, 2013, Novak purportedly filed an application for post-judgment enforcement of the unpaid judgment, an affidavit, a motion to set the application for a hearing, a notice of garnishment hearing, a certificate of last known address, an application for teleconference appearance, and a proposed order for a teleconference hearing.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). In order to be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). However,

a court is not required to consider a motion not called to its attention. *Layton*, 257 S.W.3d at 795.

Relator has the burden to provide this court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator, however, has not provided a file-stamped copy of his application or any of the related documents demonstrating that such documents are actually pending in the trial court or have been called to the attention of the trial court. Therefore, relator has not provided a sufficient record establishing his entitlement to mandamus relief. *See* Tex. R. App. P. 52.3(k), 52.7(a); *see also Blakeney*, 254 S.W.3d at 661 (noting relator's failure to attach file-marked copies of the motion he claimed to have filed in the trial court).

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices McCally, Busby, and Donovan.