# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00258-CV

**In re Roberto Gomez Fernandez**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Roberto Gomez Fernandez, an inmate, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221. In the petition, Fernandez asks this Court to compel the presiding judge of the 167th Judicial District Court of Travis County to answer his request for a judgment *nunc pro tunc* modifying his judgment of conviction. Tex. Code Crim. Proc. art. 42.03 § 2(a).

Mandamus may issue to compel a trial court to respond to a motion for judgment *nunc pro tunc*. *Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004). However, to obtain mandamus relief compelling the trial court to rule on a motion, the relator must establish that (1) a properly filed motion has been pending for unreasonable amount of time, (2) the matter was brought to the attention of the trial court, and (3) the trial court failed or refused to rule on the motion. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Further, it is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *In re Mendoza*, 131 S.W.3d

167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* Tex. R. App. P. 52.7(a)(1) (requiring that relator file certified or sworn copy of every document material to claim for relief).

Here, Fernandez has not provided this Court with a file-stamped copy of his motion for judgment *nunc pro tunc* or any other document showing that his motion has been properly filed. Without this record, we cannot determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge. In addition, Fernandez has not provided this Court with any record demonstrating that his motion for judgment *nunc pro tunc* has been brought to the trial court's attention or that a ruling was requested. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (relator must show that trial court was aware of and asked to rule on motion).

Because Fernandez has failed to demonstrate his right to relief, the petition for writ of mandamus is denied.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Filed: June 4, 2014