

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00259-CV

IN RE KENNETH WEBB, RELATOR

ORIGINAL PROCEEDING

July 31, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator Kenneth Webb, appearing *pro se,* has filed in this Court a petition for writ of mandamus requesting that we compel the Honorable John B. Board, presiding judge of the 181st Judicial District Court of Randall County, to rule on two motions he filed in that court challenging the imposition and withdrawal of attorney's fees and other fees and costs in trial court cause numbers 018617-B and 018618-B. We will deny relator's petition.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). To be entitled to relief by mandamus, the relator must show the trial court clearly abused its discretion, and that the relator has no adequate remedy by appeal. *In re Ford Motor Co.,* 988 S.W.2d

714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 840-44 (Tex. 1992) (orig. proceeding). The burden to demonstrate entitlement to mandamus relief is on the relator. *Walker*, 827 S.W.2d at 837. This includes providing an adequate record to substantiate the allegations contained in the petition for writ of mandamus. *See* TEX. R. APP. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding).

Relator's petition fails to satisfy the requirements of Rules 52.3 and 52.7 of the Appellate Rules of Procedure. *See* TEX. R. APP. P. 52.3; 52.7. Rule 52.3(k) requires the filing of an appendix to a petition for mandamus containing "a certified or sworn copy of any order complained of, or any document showing the matter complained of[.]" TEX. R. APP. P. 52.3(k). Rule 52.7 requires the filing of "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator has filed with us only his petition for writ of mandamus, unaccompanied by any evidence to support his allegations. *See also* TEX. R. APP. P. 52.3(j) (requiring person filing petition to certify that every allegation of fact in the petition is supported by competent evidence included in the appendix or record).

Without an adequate record, relator cannot show Judge Board has abused his discretion in allegedly failing to rule on relator's motions. Further, to establish a trial court has abused its discretion by failing or refusing to hear and rule on a pending motion, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979). The movant must show that the matter was brought to the attention of

2

the trial court and the trial court failed or refused to rule within a reasonable time period. *In re Layton,* 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *see also Barnes v. State,* 832 S.W.2d 424, 426-27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *In re Heflin*, 04-03-00302-CV, 2003 Tex. App. LEXIS 3924 (Tex. App.—San Antonio, May 7, 2003, orig. proceeding) (per curiam, mem. op.).

Because relator has not shown an abuse of discretion by the trial court, his petition for writ of mandamus must be, and is, denied.


James T. Campbell
Justice