**Petition for Writ of Mandamus Dismissed, in Part, and Denied, in Part, and Memorandum Opinion filed October 16, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00784-CR

---

## IN RE DAVID LEE JOHNSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1349794**

---

## MEMORANDUM OPINION

On September 30, 2014, relator David Lee Johnson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator names the Harris County District Clerk and the presiding judge of the 339th District Court of Harris County, Texas, as respondents. Relator complains that respondents have failed to provide him with the record related to his underlying conviction.

This court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. The district clerk is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this court's appellate jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk.

As to the presiding judge of the 339th District Court, relator states that he filed two motions with the court, requesting the reporter's record and clerk's record, but the trial court never ruled on the motions. Relator further explains that he is not able to produce copies of the motions he filed with the trial court due to the mishandling of his motions.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). In order to be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). However,

a court is not required to consider a motion not called to its attention. *Layton*, 257 S.W.3d at 795.

Relator, by his own admission, has not provided a file-stamped copy of his motions demonstrating that such documents are actually pending in the trial court or have been called to the attention of the trial court. Relator requests this court to search the files of the district clerk for the motions purportedly filed. It is relator's burden to provide this court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not provided a sufficient record establishing his entitlement to mandamus relief. *See* Tex. R. App. P. 52.3(k), 52.7(a); *see also Blakeney*, 254 S.W.3d at 661 (noting relator's failure to attach file-marked copies of the motion he claimed to have filed in the trial court). Relator has not shown that he entitled to a writ of mandamus against the presiding judge of the 339th District Court.

Accordingly, we dismiss relator's petition, in part, for lack of jurisdiction, and deny the remainder.

PER CURIAM

Panel Consists of Justices McCally, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).