# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-14-00642-CV

---

**In re Stephen Walker**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Stephen Walker, an inmate, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221. In the petition, Walker asks this Court to compel the presiding judge of the 167th Judicial District Court of Travis County to rule on two motions, which he contends were properly filed with the District Clerk.[1] We will deny the petition.

When a motion is properly filed and pending before the trial court, the act of considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). To obtain mandamus relief compelling a trial court to rule on a properly filed motion, a relator must establish that (1) a properly filed motion has been pending for an unreasonable amount of time; (2) the matter was brought to the attention of the trial court; and (3) the trial court failed or refused to rule on the motion. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Further, it is the relator's burden to provide the reviewing court with a record

---

[1] According to Walker, the respondent has failed to rule on two "motions for speedy examining trial and appointment of counsel" that were allegedly filed on April 8, 2014 and June 20, 2014.

sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* Tex. R. App. P. 52.7(a)(1) (requiring that relator file certified or sworn copy of every document material to claim for relief).

Here, Walker complains that the trial court has refused to rule on his pending motions. However, Walker has not provided this Court with file-stamped copies of his motions or any other documents showing that the motions are actually pending. As a result, Walker has failed to demonstrate that his motions were properly filed or, if properly filed, the date that they were received by either the clerk's office or the judge. In addition, Walker has not provided this Court with any record demonstrating that the motions have been brought to the trial court's attention or that a ruling was requested. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (relator must show that trial court was aware of and asked to rule on motion).

Because Walker has failed to demonstrate his right to relief, the petition for writ of mandamus is denied.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Filed: November 14, 2014

2