**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 9, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00952-CV

NO. 14-14-00953-CV

NO. 14-14-00954-CV

**IN RE NATHANIEL JONES III, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2013-18938, 2013-25626 & 2013-25627**

## MEMORANDUM OPINION

On December 2, 2014, relator Nathaniel Jones III filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County, to rule on

his requests for the clerk to deliver to relator all files and records pursuant to an agreed expunction order.

According to relator, on April 22, 2013, he filed a request for expunction of records in three cases assigned to the 133rd District Court. Relator states that, on December 13, 2013, the trial court issued an agreed order of expunction in the subject trial court cause numbers, ordering the clerk, upon request, to deliver to relator all files and records returned to the court. Relator asserts that he filed two written requests, on August 14, 2014, and September 16, 2014, for all files and records returned to the court and sent copies of his requests to the trial judge. Relator complains that the trial court has not issued an order in response to either request.

To be entitled to mandamus relief, the relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

2

It is relator's burden to provide this court with a sufficient record to establish his right to mandamus relief. *See Walker v Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator has not included copies of any of the documents material to his claim for relief that were filed in the underlying proceeding—file-stamped or otherwise—such as his April 22, 2013 request for expunction of records, the trial court's December 13, 2013 agreed expunction order or his August 14, 2014 and September 16, 2014 requests for all files and records returned to the court. *See* Tex. R. App. P. 52.7(a)(1). Without file-stamped copies of these documents, relator has not shown that such documents are pending in the trial court. *See Blakeney*, 254 S.W.3d at 661−62. Therefore, relator has not shown that the trial court had a duty to rule on his requests.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. We further deny as moot relator's motion to proceed in forma pauperis.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Brown.