**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 18, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00974-CR

## IN RE MICHAEL WILLIAM GODFREY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 912345**

## MEMORANDUM OPINION

On December 9, 2014, relator Michael William Godfrey filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Brad Hart, presiding judge of the 230th District Court of Harris County, to rule on his motion nunc pro tunc.

According to relator, on September 30, 2002, relator pleaded guilty to sexual assault of a child pursuant to a plea bargain, and was placed on deferred adjudication probation for ten years. As a condition of his probation, relator was required to wear an ankle monitor and was confined to his house. The State moved to adjudicate relator's guilt for alleged violations of the conditions of his probation. On December 2, 2005, the Honorable Susan Brown adjudicated relator's guilt and sentenced him to fifteen years' incarceration. Judge Brown stated that she was granting relator credit for all the time he had been in custody. Relator did not appeal the adjudication of his guilt.

On August 29, 2014, relator filed a motion nunc pro tunc in the 230th District Court, seeking to "correct" the record to reflect 1,158 days of credit for the time relator was required to wear the ankle monitor. On November 12, 2014, relator's mother emailed the Harris County District Clerk's Office, requesting the status of the motion nunc pro tunc. The District Clerk's Office responded that its system did not show a ruling on the motion nunc pro tunc and that she needed to contact the 230th District Court with any questions regarding the lack of a ruling.

On November 20, 2014, relator's mother emailed the District Clerk's Office, advising that someone from 230th District Court told her that the motion nunc pro tunc was in the file, but the judge does not read, and does not have to read, mail from inmates. She called the District Clerk's Office, which told her that the judge did not have to read inmate mail because of Section 552.028 of the Texas Government Code,[1] and suggested that she speak with relator's attorney for

---

[1] *See* Tex. Gov't Code Ann. 552.028(a), (b) (West 2012) (providing that a governmental body is not required to accept or comply with a request for information from an individual

2

assistance. Relator's mother emailed Chris Daniel, Harris County District Clerk, requesting that Judge Hart rule on relator's motion nunc pro tunc.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). However, a court is not required to consider a motion not called to its attention. *Layton*, 257 S.W.3d at 795.

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not done so. Although relator has attached to his petition

imprisoned or confined in a correction facility or an agent of that individual other than the attorney).

3

for mandamus relief copies of emails between his mother and the District Clerk's Office which contain references to a motion nunc pro tunc, relator has not provided file-stamped copies of his motion in the mandamus record. *See* Tex. R. App. P. 52.3(k), 52.7(a). Relatoralso has not shown that the motion nunc pro tunc has been presented to the trial court. The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Layton*, 257 S.W.3d at 795.

Relator has not established that he is entitled mandamus relief. Accordingly, we deny relator's petition for a writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).