**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 25, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00524-CV

---

## IN RE GERALD LEE RICKS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 15-CV-0096**

---

## MEMORANDUM OPINION

On June 17, 2015, relator Gerald Lee Ricks filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Michelle Slaughter, presiding judge of the 405th District Court of Galveston County, to rule on motions that relator allegedly filed with the trial court.

To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). Further, those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules, among which is the obligation to provide the reviewing court with a complete and adequate record sufficient to establish the relator's entitlement to relief. *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Specifically, a relator is obligated to furnish a record containing a certified or sworn copy of every document filed in the underlying proceeding that is material to the relator's claims for relief. Tex. R. App. P. 52.7(a)(1).

Relator has not provided us with any record, much less a record showing that the trial court had a duty to rule on relator's alleged motions, was asked to rule on those motions, and failed or refused to do so. Relator's status as a *pro se* party does not exempt him from complying with the applicable rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). Relator has not satisfied his obligation to provide this court with a complete and adequate record sufficient to establish his entitlement to relief, and we therefore deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.