**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 16, 2015.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-15-00579-CR**

**IN RE GERALD J. DURDEN, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 905464**

## MEMORANDUM OPINION

On July 9, 2015, relator Gerald J. Durden filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable

Katherine Cabaniss, presiding judge of the 248th District Court of Harris County, to rule on his motion for DNA testing and appointment of counsel.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before a court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987 (orig. proceeding) (op. on reh'g). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

Relator attached to his petition a copy of a signed green card, with an illegible stamp, addressed to "Chris Daniel, Clerk." Relator also attached a motion requesting forensic DNA testing and the appointment of counsel with four exhibits.

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not done so. Relator has not provided this court with a file-stamped copy of his motion, establishing that his motion is pending in the court. *See* Tex. R. App. P. 52.3(k), 52.7(a). Relator also has not shown that his motion has been presented to the trial court. The trial court is not required to

consider a motion that has not been called to its attention by proper means. *See Layton*, 257 S.W.3d at 795.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for a writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).