**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 12, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00238-CR

### No. 14-16-00239-CR

---

### IN RE DECARLOS GARRETT, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 870048 & 886344**

---

## MEMORANDUM OPINION

On March 24, 2016, relator DeCarlos Garrett filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Brock Thomas,

presiding judge of the 338th District Court of Harris County, to rule on his motion for post-conviction DNA[1] testing that he filed in 2003, and to appoint counsel to represent him.

Relator was convicted of aggravated robbery in two separate jury trials in 2002, resulting in sentences of forty-five years' incarceration and ninety-nine years' incarceration. Relator's convictions were affirmed on appeal. *See Garrett v. State*, No. 01-02-00321-CV, 2003 WL 21100761-CR (Tex. App.—Houston [1st Dist.] May 15, 2003, no pet.) (mem. op., not designated for publication); *Garrett v. State*, No. 01-02-00320-CR, 2003 WL 203556 (Tex. App.—Houston [1st Dist.] Jan. 30, 2003, no pet.) (mem. op., not designated for publication).

Relator received a letter dated April 23, 2003, from the Harris County District Attorney's Office informing him that his cases contained some DNA evidence analyzed by the Houston Police Department Crime Laboratory. The letter further stated: "An independent audit of the DNA/Serology section of the Houston Police Crime Laboratory revealed several areas of non-compliance with DNA lab procedures established by the Federal Bureau of Investigation." The District Attorney's Office sent the notice so that the recipients could "take whatever steps you deem necessary." In response to correspondence received on October 23, 2003, the Harris County District Clerk informed relator that his "ATTORNEY FOR DNA IS LAYTON DUER[.]"

On July 2, 2012, the District Attorney's Office responded to a letter from relator inquiring about a 2003 DNA proceeding related to his aggravated robbery convictions. In the letter, an assistant district attorney, Baldwin Chin, stated that the

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2015).

trial court had appointed Duer to represent him for the post-conviction DNA testing, but it was "unclear as to whether this DNA testing was conducted in accordance with Chapter 64 of the Code of Criminal Procedure. This DNA testing was performed by the independent laboratory Orchid Cellmark likely based upon a decision by the Houston Police Department (HPD) to retest evidence related to your convictions." The letter from Chin further stated that "[t]he Orchid Cellmark DNA testing produced results that were apparently not inconsistent with HPD Crime Lab forensic analysis." In an April 16, 2015 response to a grievance proceeding filed by relator, Duer stated that the record showed that the trial court had appointed him on the matter.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex. Rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (opinion on reh'g).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Layton*, 257 S.W.3d at 795.

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not done so. Relator has not included a file-stamped copy of his Chapter 64 motion for DNA testing in this mandamus record. *See* Tex. R. App. P. 52.3(k), 52.7(a). In his response to relator's inquiry, Chin, who had looked at "criminal court computer records," stated that it was not clear that the DNA testing was conducted pursuant to a Chapter 64 motion filed by relator, which means that the trial court already ruled on relator's motion, or whether it was initiated by the Houston Police Department, so that there may not have been a ruling on relator's motion and relator has not shown that the motion for DNA testing was presented to the trial court.

On this record, relator has not established that he entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jamison, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).