**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 4, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00585-CR

### IN RE LEXTER KENNON KOSSIE, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0546166**

## MEMORANDUM OPINION

On July 25, 2016, relator Lexter Kennon Kossie filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Denise Collins, presiding judge of the 208th District Court of Harris County, to rule on his petition for writ of habeas corpus.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex. Rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (opinion on reh'g).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Layton*, 257 S.W.3d at 795.

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not done so. Relator has not included a file-stamped copy of his petition for writ of habeas corpus in this mandamus record, establishing that his habeas petition is pending in the trial court. *See* Tex. R. App. P. 52.3(k), 52.7(a).

Relator also has not shown that his habeas petition has been presented to the trial court. Relator states that he has written to the trial court, the court coordinator, and the district clerk, asking about the status of his habeas petition,

2

but he has either misplaced those letters or destroyed them by mistake. Therefore, relator has not shown that his habeas petition, if pending, has been presented to the trial court. The trial court is not required to consider a motion that has not been called to its attention by proper means. See 257 S.W.3d at 795.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).