**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 6, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00733-CR

---

### IN RE LEON HARRISON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 635921**

---

## MEMORANDUM OPINION

On September 19, 2016, relator Leon Harrison filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Brad Hart, presiding judge of the 230th District Court of Harris County, to hear

and rule on various motions relating to relator's request for new DNA testing, and to appoint counsel to represent relator in these matters. Relator has not filed any appendix or record with this court.

A trial court is required to consider and rule upon a motion within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992) (orig. proceeding); *In re Querishi*, 14-15-00232-CV, 2015 WL 1456150, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2015, orig. proceeding) (mem op.). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *Barnes*, 832 S.W.2d at 426; *see also Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (trial court abused its discretion by refusing to conduct hearing and render decision on motion).

However, relator must show that the motion was filed and that he presented it to the trial court for a ruling. *See In re Clewis,* 14-10-00086-CV, 2010 WL 547087, at *1 n.3 (Tex. App.—Houston [14th Dist.] Feb. 18, 2010, orig. proceeding) (mem. op.). The record must show not only that the motion was filed, but was brought to the attention of the trial court. *See In re Layton*, 257 S.W.3d 794, 795 (Tex. App.— Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding); *In re Williams*, 14-16-00012-CR, 2016 WL 191952, at *1 (Tex. App.—Houston [14th Dist.] Jan. 14, 2016, orig. proceeding) (mem. op.).

Additionally, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Because relator has not provided our court with a sworn or certified copies of the motions that are the subject of his petition that he allegedly filed with the trial court or with a record that shows that he requested the trial court hear or rule on these motions, relator has not established his right to mandamus relief.

Further, Rule of Appellate Procedure 9.5 requires that documents filed with court be served on all parties (including the State of Texas) and the certificate of service contain date, manner of service, name and address of each person served and, if person served is party's attorney, name of party represented by attorney. Tex. R. App. P. 9.5. The certificate of service in relator's petition does not meet these requirements.

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

3