**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 13, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00798-CR

## IN RE THEOLONIOUS P. HENRY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1054112**

## MEMORANDUM OPINION

On October 6, 2016, relator Theolonious P. Henry filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, to grant relator's motion to reduce his sentence.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

Relator states that his motion to reduce his sentence has been pending in the trial court for more than forty-five days with no ruling from the trial court. Relator does not ask that this court to compel the trial court to rule on the motion to reduce his sentence without specifying how to rule, but requests that we compel the trial court to grant the motion to reduce his sentence. An appellate court may not direct the trial court to make a specific ruling on a pending motion. *In re Hearn*, 137

S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Therefore, we may not compel the trial court to grant relator's motion to reduce his sentence.[1]

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Even if relator had not asked this court to direct the trial court to grant the motion to reduce his sentence, relator has not met his burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not included a file-stamped copy of his motion, establishing that it is pending in the trial court. *See* Tex. R. App. P. 52.3(k). Relator also has not shown that his motion has been presented to the trial court. The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Layton*, 257 S.W.3d at 795.