**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 29, 2016.**

In The

# Fourteenth Court of Appeals

### NO. 14-16-00924-CR

### IN RE GERALD J. DURDEN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 905464**

## MEMORANDUM OPINION

On November 15, 2016, relator Gerald J. Durden filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Katherine Cabaniss, presiding judge of the 248th District Court of Harris County, to rule on his motion for DNA testing and appointment of counsel.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before a court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987 (orig. proceeding) (op. on reh'g). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

In 2002, relator was convicted of aggravated sexual assault of a child. *Durden v. State*, No. 14-02-00818-CR, 2003 WL 22143293, at *1 (Tex. App.—Houston [14th Dist.] Sept. 18, 2003, pet. ref'd) (mem. op., not designated for publication). This court affirmed relator's conviction. *Id.* at *3. In 2008, relator filed a pro se motion for post-conviction DNA testing of two hairs found on the complainant's underwear. *Durden v. State*, No. 14-09-00120-CR, 2010 WL 454935, at *1 (Tex. App.—Houston [14th Dist.] Feb. 11, 2010, pet. ref'd) (mem. op., not designated for publication). The trial court denied relator's motion, and this court affirmed the denial of the motion on appeal. *Id.* at *4.

In 2012, relator filed a petition for writ of mandamus in this court, complaining of the trial court's failure to rule on his motion for DNA testing. *See*

2

*In re Durden*, No. 14-12-590815, 2012 WL 590815 (Tex. App.—Houston [14th Dist.] Feb. 23, 2012, orig. proceeding) (mem. op., not designated for publication). This court observed that the record in the appeal from the denial of the motion for DNA testing showed that relator had filed "at least three, possibly five motions for DNA testing requesting that the two hairs found in the complainant's underwear to be tested." *Id.* Furthermore, the motion, which was the subject of the mandamus proceeding, requested the same testing that had been repeatedly denied by the trial court and affirmed by this court. *Id.* Relator asked this court to issue a writ of mandamus to compel the trial court to rule on a motion the court had denied at least three times. *Id.* In denying relator's petition, this court explained that "no ruling is required in response to a subsequent filing of a motion for DNA testing if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances." *Id.* at *2. Relator had argued repeatedly that the same evidence should be tested for DNA to show that someone else had committed the assault. *Id.*

Here, relator asked the trial court to rule on another motion for DNA testing. The trial court had denied relator's other motions at least three times, and relator appealed one of those motions. *See id.* Absent exceptional circumstance, we conclude that the trial court had no duty to rule on relator's latest motion for DNA testing.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).