

# NUMBERS 13-24-00102-CR, 13-24-00103-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MICKEY WAYNE BOSWELL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Chief Justice Contreras[1]

Pro se relator Mickey Wayne Boswell filed a petition for writ of mandamus arising from trial court cause number 09-CR-1006, docketed in our appellate cause number 13-24-00102-CR, and trial court cause number 10-CR-4228, docketed in our appellate cause number 13-24-00103-CR. Both cases arise from proceedings in the 319th District Court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

of Nueces County, Texas. Relator contends that he filed motions for nunc pro tunc judgment in each case seeking to correct clerical errors and seeks to compel the trial court to rule on these pending motions.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3, 52.7(a).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to comply with this duty. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For mandamus to issue, the record must show that: (1) the motion was filed and brought to the attention of the judge for a ruling, and (2) the judge did not rule on the

2

motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). In this regard, merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). In other words, "a court is not required to consider a motion not called to its attention." *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus in each case, is of the opinion that relator has not met his burden to obtain relief. *See In re Meza*, 611 S.W.3d at 388. Based on the record provided, relator has not brought his pending motions to the attention of the trial court judge. *See In re Ramos*, 598 S.W.3d at 473; *In re Layton*, 257 S.W.3d at 795. Accordingly, we deny the petition for writ of mandamus in each of these cause numbers.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of January, 2024.

3