**DENIED and Opinion Filed December 9, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-01408-CR**
**No. 05-24-01409-CR**
**No. 05-24-01410-CR**
**No. 05-24-01411-CR**
**No. 05-24-01412-CR**

**IN RE JAMES H. GENTRY, Relator**

**Original Proceedings from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 199-81623-07, 199-81624-07, 199-81625-07,**
**199-81626-07, 199-81627-07**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Kennedy

Before the Court is relator James H. Gentry's petition for writ of mandamus

seeking an order compelling the trial court to hold a hearing and to rule on relator's

motion for new trial. We deny relief.

To obtain mandamus relief, "[r]elator must show that 1) he has no adequate

remedy at law, and 2) what he seeks to compel or prohibit is ministerial, involving

no discretion." *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021).

"A trial judge has a legal, nondiscretionary duty to consider and rule on properly filed motions within a reasonable time." *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). When a trial court fails to comply with that nondiscretionary, ministerial duty, "mandamus may issue to compel the [trial court] to act." *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

This Court's records of the underlying cases show relator pleaded guilty to five theft charges and the trial court sentenced relator in a single proceeding in open court on July 10, 2008.[1] The motion for new trial was due thirty days after the trial court sentenced relator. *See* TEX. R. APP. P. 21.4(a). Thirty days after July 10, 2008, was Saturday, August 9, 2008, so the motion for new trial was due no later than Monday, August 11, 2008. *See* TEX. R. APP. P. 4.1(a) (when last day of a designated period falls on a Saturday, Sunday, or legal holiday, the period is extended to the next day that is not a Saturday, Sunday, or legal holiday). Although relator did not include a copy of the motion for new trial in the petition, relator states in the petition that he filed the motion for new trial on June 19, 2024, which was more than fifteen years after the due date for the motion for new trial. Relator has not shown that the

---

[1] Relator appealed his convictions to this Court, and we affirmed the trial court's judgments. *See Gentry v. State*, No. 05-08-01032-CR, 2009 WL 4201766 (Tex. App.—Dallas Nov. 30, 2009, pet. ref'd). We take judicial notice of our records from those appeals. *See Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) ("an appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties"); *In re Johnson*, No. 05-19-00725-CV, 2019 WL 3852654, at *2, n.1 (Tex. App.—Dallas Aug. 16, 2019, orig. proceeding) (mem op.) (same).

June 19, 2024 motion for new trial was properly filed. Therefore, relator cannot show the trial court had a ministerial, nondiscretionary duty to rule on the motion.

We deny relator's petition for writ of mandamus.

241408f.u05
241409f.u05
241410f.u05
241411f.u05
241412f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Nancy E. Kennedy/
NANCY KENNEDY
JUSTICE