**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 29, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00069-CR

### IN RE CRAIG PORTER, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
263rd District Court
Harris County, Texas
Trial Court Cause No. 1374093

## MEMORANDUM OPINION

On January 20, 2015, relator Craig Porter filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, to rule on relator's application to set bond.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

Relator states in his petition that he is represented by counsel. A criminal defendant is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The issues relator raises in his *pro se* petition for writ of mandamus relate directly to a criminal proceeding in which he is represented by counsel. Therefore, in the absence of a right to hybrid representation, relator has not shown that the trial court has a legal duty to rule on his application. *See Robinson*, 240 S.W.3d at 922.

Relator also requests that we compel the trial court to set bond. Appellate courts may not direct the trial court to make a specific ruling on a pending motion. *In re Hearn*, 137 S.W.2d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Therefore, we may not compel the trial court to grant relator's application and set bond.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for a writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).