**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 26, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00232-CV

### ZAHIR QUERISHI, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
315th District Court
Harris County, Texas
Trial Court Cause No. 86707

## MEMORANDUM OPINION

On March 16, 2015, relator Zahir Querishi filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Michael Schneider, presiding judge of the 315th District Court of Harris County, to rule on his petition for writ of habeas corpus.

Relator states in his mandamus petition that he filed a petition for writ of habeas corpus on January 5, 2015, and the petition has been pending in the trial court for over sixty days with no action on it by the court. Attached to relator's mandamus petition is a file-stamped copy of an "Amended Writ of Habeas Corpus" filed on February 27, 2015. According to the letter, which provided filing instructions to the district clerk, the "amended" petition was to "supplant the original petition already filed."

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not done so. As to his original application, relator complains that the trial court has not ruled on his petition filed on January 5, 2015, but he has not included a copy, file-stamped or otherwise, in the mandamus record. Relator has not shown that the original petition has been properly filed and is pending. In any event, relator stated that the amended petition filed on February

27, 2015, "supplant[ed]" the original petition. Therefore, there is no action to be taken with regard to the original petition

As to the amended petition, although relator has provided a file-stamped copy of the petition, he has not shown that it has been presented to the trial court. Relator informed the district clerk that one of the copies of his petition "is to be forwarded to the 315th District Court for ruling." However, relator has not shown that the trial court was aware of his petition. The district clerk's knowledge of relator's petition is not imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The trial court is not required to consider a request that has not been called to its attention by proper means. *See Layton*, 257 S.W.3d at 795.

A writ of habeas corpus "shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatsoever." Tex. Code Proc. Ann. art. 11. 15 (West 2005). Relator filed his mandamus petition in this court less than three weeks after filing his habeas petition with the district clerk. The trial court has a reasonable time in which to take action on relator's request. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Without demonstrating that the trial court was made aware of relator's habeas petition, we cannot say that a reasonable time has passed for the trial court to consider and rule on the petition.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.