**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 14, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00294-CR

---

### IN RE LEXTER KENNON KOSSIE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0546166**

---

## MEMORANDUM OPINION

On April 2, 2015, relator Lexter Kennon Kossie filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Denise Collins, presiding judge of the 208th District Court of Harris County, to rule on his petition for writ of habeas corpus.

Relator states in his petition that he filed an original petition for writ of habeas corpus on February 2, 2015, but the trial court has not ruled on the petition. To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). However, a court is not required to consider a motion not called to its attention. *Layton*, 257 S.W.3d at 795.

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not done so. Relator has not attached any documents to his petition in support of his claim for relief. *See* Tex. R. App. P. 52.7(a)(1) (requiring relator to provide a certified or sworn copy of any document that is

2

material to relator's claim for relief and that was filed in any underlying proceeding).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).