**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 13, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00476-CV

### IN RE ZAHIR QUERISHI, Relator

| |
|---|
| **ORIGINAL PROCEEDING** |
| **WRIT OF MANDAMUS** |
| **315th District Court** |
| **Harris County, Texas** |
| **Trial Court Cause No. 86707** |

## MEMORANDUM OPINION

On May 28, 2015, relator Zahir Querishi filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Michael Schneider, presiding judge of the 315th District Court of Harris County, to rule on his *pro se* application for writ of habeas corpus.

This court requested a response to relator's mandamus petition from the trial court to be provided by August 17, 2015, and further advised that if it ruled on relator's pending application, relator's mandamus petition would be dismissed as moot. The trial court provided to this court an email chain between the trial court coordinator and relator's counsel. The emails reflect that relator's counsel was requesting a hearing on a habeas petition filed counsel, but would need an additional thirty days to obtain records for the hearing. In light of this, the trial court will not be able to rule on the habeas petition by August 17, 2015.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

The email chain reflects that relator is represented by counsel. A criminal defendant is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The issues relator raises in his *pro se* petition for writ of mandamus relate directly to a criminal proceeding in which he is represented by counsel. Therefore, in the absence of a right to hybrid representation, relator has

not shown that the trial court has a legal duty to rule on his *pro se* application for writ of habeas corpus. *See Robinson*, 240 S.W.3d at 922.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for a writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.