Opinion issued September 21, 2021



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00476-CV

_____

## IN RE JASON DAVID SHEEDY, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Jason David Sheedy, incarcerated and proceeding pro se, has filed a petition for writ of mandamus, asserting that the trial court has failed to perform its ministerial duty to rule on his "cause[s] of action and motions." Relator's mandamus petition requests that we direct the trial court to "rule on all pending filings and motions."

We deny relator's petition for writ of mandamus.[1]

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). To be entitled to mandamus relief, the relator must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). In a mandamus proceeding, the relator has the burden to provide this Court "with a sufficient record to establish [his] right to mandamus relief." *Walker*, 827 S.W.2d at 837.

Relator has provided an appendix along with his mandamus petition including, among other items: (1) a file-stamped copy of relator's original petition, (2) a February 12, 2021 letter to the Fort Bend County District Clerk enclosing a "Motion for Entry and Judgment for Default Judgment," (3) a March 15, 2021 letter to the Fort Bend County District Clerk enclosing an "Order for Entry of Immediate Injunctive Relief," (5) a June 30, 2021 letter to the Fort Bend County District Clerk enclosing relator's "First Motion for Leave to Amend Petition," and (7) a June 30, 2021 letter to the Fort Bend County District Clerk enclosing relator's "First Amended Petition." Of the documents included in relator's mandamus appendix,

---

[1] The underlying case is *Jason David Sheedy v. Bruce Fredrick, Cynthia Tilley, and "John/Jane Doe,"* Cause No. 20-DCV-277933, in the 458th District Court of Fort Bend County, Texas, the Honorable Robert Rolnick presiding.

2

only the original petition is affixed with a file-stamp from the Fort Bend County District Clerk.

In his mandamus petition, relator asserts that he is entitled to mandamus relief because the trial court failed to perform its ministerial duty by "refus[ing] to complete a mandatory duty . . . and [taking] absolutely no actions or [making any] rulings regarding properly, timely filed cause[s] of action and motions." An act is ministerial in nature when it can be accomplished without the exercise of judgment or discretion. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). "[A]dmittedly, the need to consider and rule upon a motion is not a discretionary act." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2002, orig. proceeding). When a motion has been properly filed and brought to the attention of the trial court, the act of considering and ruling upon the motion is ministerial in nature, and mandamus may issue to compel the trial court to act. *See In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

However, the burden to establish that a particular motion was properly filed and brought to the attention of the trial court lies with relator.[2] *See In re Villarreal*,

---

[2]     Additionally, the Texas Rules of Appellate Procedure require a petition for writ of mandamus to be accompanied by an appendix including "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(k)(1)(A); *see also* TEX. R. APP. P. 52.7(a)(1) ("Relator must file with the petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding.").

96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must "illustrate that the district court received and was aware of" pleadings at issue); *see also In re Johnson*, 07-13-00259-CV, 2014 WL 1285661, at *1 (Tex. App.— Amarillo Mar. 28, 2014, orig. proceeding) (mem. op.) (relator's burden to "bring forward all that is necessary to establish a claim for relief").

Nothing in the mandamus record suggests that motions at issue in relator's petition for writ of mandamus were filed or otherwise brought to the attention of the trial court. Thus, while the act relator seeks to compel in this case, holding a hearing and otherwise considering motions, is ministerial in nature, he is not entitled to mandamus relief. *See In re Chavez*, 62 S.W.3d at 228 ("And, because the state of the record prevents us from holding that the trial court was aware of the motion, we cannot say that the court abused its discretion in allegedly failing to act on same."); *see also In re Johnson*, 2014 WL 1285661, at *1 ("Absent a sufficient record, mandamus will not issue.").

Further, even assuming the motions at issue here were properly filed and brought to the attention of the trial court, relator would not be entitled to mandamus relief, as the mandamus record does not include any evidence that relator took any steps to effectuate service of his original petition. Relator, "as the party requesting service of process, has the responsibility for ensuring that service is properly accomplished." *See In re Reger*, No. 03-16-00120-CV, 2016 WL 1407698, at *1

(Tex. App.—Austin Apr. 5, 2016, orig. proceeding) (mem. op.). Based on this failure alone, relator's mandamus petition should be denied. *See id.* ("In the absence of returns of service showing that process was served on the defendants, the [trial] court has no ministerial duty to hear [relator's] motions.").

Accordingly, we deny relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.